IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**PROGRESSIVE GULF INSURANCE COMPANY,**            **PLAINTIFF,**

VS.            CIVIL ACTION NO. 1:05CV30-P-D

**LOFTON TIMBER COMPANY, LLC;**
**ALBERT NICKERSON D/B/A NICKERSON**
**TRUCKING; CLEANSY L. BARKSDALE;**
**GEORGIA PACIFIC CORPORATION; AND**
**JAMES AND RENEE STEWART,**            **DEFENDANTS.**

## FINAL JUDGMENT

This matter comes before the court upon Defendants James and Renee Stewart's Motion to Dismiss Complaint for Declaratory Judgment [8-1]. Upon due consideration of the motion and the response filed thereto, the court finds as follows, to-wit:

Apparently, there are a total of six actions pending in state and federal courts involving the same collision that occurred on February 12, 2004. James Stewart collided with a log truck driven by Cleansy Barksdale and owned by Albert Nickerson doing business as Nickerson Trucking. The log truck was hired by Lofton Timber Company, LLC who was hired by Georgia Pacific Corporation. Not only did Stewart sustain injuries resulting from the collision, but William Robertson and Dorothy P. Robertson were killed when the log truck overturned on their vehicle. Nickerson Trucking and Lofton Timber Company, LCC were both insured by Progressive Gulf Insurance Company. It is argued that Lofton Timber's policy provides $1 million in coverage, whereas Progressive avers that Nickerson Trucking's policy only provides $100,000 in coverage.

James Stewart and his wife Renee filed suit in the Circuit Court of Attala County, Cause Number 04-0138-CV-L against Barksdale, Nickerson Trucking, Lofton Timber, and Georgia Pacific.

1

On behalf of the Robertsons (represented by Lewis and Jana Lewis and Calvin R. Robertson) a separate wrongful death action was filed on November 18, 2004 in the Circuit Court of Attala County, Cause Number 04-0268-CV-M. Progressive filed three declaratory actions in federal court, one of them is the instant action, one of them was filed in the Southern District of Mississippi, Cause Number 5:04CV276 (later transferred to the Northern District), and the other suit was filed in the Northern District, Cause Number 1:04cv383-D-D. The Stewarts filed a separate declaratory action in the Circuit Court of Attala County on January 26, 2005 – the same day as Progressive filed the instant declaratory action.

The Stewarts have filed the instant motion to dismiss Progressive's Complaint. As correctly cited by the Stewarts, a district court should not consider the merits of a declaratory judgment action when (1) the declaratory defendant previously filed a cause of action in state court; (2) the state court action involves the same issues as those in the federal court; and (3) the district court is prohibited from enjoining the state proceedings under the Anti-Injunction Act. *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 388 n.1 (5th Cir. 2003). Under 28 U.S.C. § 2283, the Anti-Injunction Act provides that a district court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by an Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

Progressive responds in three-pages of text that the motion to dismiss should be denied because they filed the instant action on the same day that the Stewarts filed their declaratory action in state court and Progressive effectuated service before the Stewarts. Progressive cites no authorities to support the proposition that this fact alone negates the instant motion to dismiss.

The court concludes that the motion to dismiss should be granted because (1) the Stewarts,

both declaratory defendants, filed two causes of action in state court – one filed before and the other filed on the same day Progressive filed the case at bar; (2) Progressive has not demonstrated that the state court actions do not involve the same issues as those raised in the instant case; and (3) Progressive has not shown any reason why the Anti-Injunction Act does not apply to the district court in this matter.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendants James and Renee Stewart's Motion to Dismiss Complaint for Declaratory Judgment [8-1] is **GRANTED**; accordingly,

(2) Progressive Gulf Insurance Company's declaratory action is **DISMISSED WITHOUT PREJUDICE**; and

(3) This case is **CLOSED**.

**SO ORDERED** this the 29th day of November, A.D., 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE